# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| **In re:** <br><br> **STEVEN G. JOHNSON,** <br><br> Debtor. | **CHAPTER 7** <br> **CASE No. 09-19214-JNF** |
| **THE LAW OFFICES OF MIRIAM G. ALTMAN, P.C.,** <br><br> Plaintiff, <br> v. <br><br> **STEVEN G. JOHNSON,** <br><br> Defendant. | **ADV. No.** |

## ADVERSARY COMPLAINT

### Parties

1. Plaintiff-Creditor The Law Offices of Miriam G. Altman, P.C. ("Attorney Altman"), is a law firm located at 57 Bedford Street, Lexington, Middlesex County, Massachusetts.

2. Defendant-Debtor Steven G. Johnson (the "Debtor Father"), is an individual who resides at 4 High Rock Road, Wayland, Middlesex County, Massachusetts.

### Factual Allegations

3. Attorney Altman specializes in family law.

4. Suzanne Thatcher, f/k/a Suzanne Johnson, (the "Mother"), is the former wife of the Debtor Father.

5.      There are two minor children of the Mother and Debtor Father, Lucy Johnson (d.o.b. 05-21-98) and Ben Johnson (d.o.b. 07-08-01).

6.      The Debtor Father filed a Complaint for Modification dated July 18, 2007 with the Massachusetts Middlesex Probate and Family Court, ("state court"), docket no. MI-05D-1974-DV1, wherein he alleged that his income and ability to pay child support had substantially decreased.

7.      Attorney Altman represented the Mother in defending against the Debtor Father's Complaint for Modification to reduce child support.

8.      On February 17, 2009, following a four-day trial on the Debtor Father's Complaint for Modification to reduce child support, the state court entered a Modification Judgment ("Modification Judgment"), denying the Debtor Father's Complaint for Modification for child support and allowing Mother's motion for an award of attorneys fees, awarding $138,720.41 in attorneys fees. The state court stated "I find the complaint was frivol[ous] and an effort to undermine the terms of the parties' divorce agreement executed approximately 6 months before filing complaint for modification. **The Mother has incurred significant legal fees in defense of a baseless modification."** See Exhibit "A" attached hereto. (emphasis supplied).

9.      On February 17, 2009 the state court entered Findings of Fact, Rationale, and Conclusions of Law, attached hereto as Exhibit "B," finding in pertinent part: (A(12)) the Father did "voluntarily leave his company and ta[k]e on employment which would significantly impact payment of his agreed upon child support in order to skirt that child support order:" ( B(62) ) the Father "continues to have the experience, expertise and contacts to continue his contracting business. Neither his health nor circumstances

2

warranted a voluntary change in employment to the point where he would have difficulty paying child support as agreed to and ordered in December 2006. It was only approximately six (6) months between the signing of the Separation Agreement and [the debtor's] Complaint for Modification, and less than six months before he began to implement his plan to undermine the terms of the Agreement that the parties had reached such a short time before;" the Father "divested himself of a majority interest in what appears to have been a lucrative and viable company for no consideration.... it is clear from the [the Father's] change in employment from President and Director of Alpine to Assistant Department Manager and Team Leader at Lowe's was voluntary and that he was underemployed....It is apparent to the Court that [the Father] attempted to minimize his income to reduce the child support order from the very moment it was entered;" and the Father divested himself of his interest in the business in February, 2007 by transferring it to his brother, and this "purported transfer was a ruse to make it appear that [the Father] had transferred his company for value...."

    10.    Following the Modification Judgment, the Mother filed a Complaint in Equity, in the state court, docket no. 09E-0022-GC, attached hereto as Exhibit "C," for post-judgment security, pursuant to which the state court issued a writ of attachment and preliminary injunction restraining the Debtor Father from dissipating his assets. The Sheriff recorded the attachment in the Middlesex South Registry of Deeds on February 24, 2009. See documents attached hereto as Exhibit "D."

    11.    The payment of the attorneys fees by the Debtor Father under the Modification Judgment was due on August 17, 2009. The Debtor Father failed to make the required payment.

3

12. On September 11, 2009, the Mother filed a Complaint for Contempt against the Debtor Father for failing to pay $113,720.41, the amount then due under the Modification Judgment, for attorneys fees. See Exhibit "E" attached hereto.

13. The hearing on the Complaint for Contempt was scheduled for September 30, 2009 in the state court before the Honorable Judge Gibson. Judge Gibson had previously found the Debtor Father in contempt for non-payment of child support and had ordered him to pay child support, medical bills and counsel fees or be committed to jail for a term of 60 days.

14. On September 29, 2009, the afternoon before the state court hearing on the Complaint for Contempt, the Debtor Father filed his petition for bankruptcy with this Court, and further filed a Suggestion of Bankruptcy and Motion to Stay the contempt hearing with the state court, which motion was granted on September 30, 2009. See Exhibit "F" attached hereto.

15. The Debtor Father was represented by Mark L. Nestor, Esq., his current bankruptcy counsel, in both the state court modification and equity actions.

16. It appears that the Debtor Father's only sizeable debt, (other than his mortgages, which are secured and which he seeks to reaffirm), are the attorneys fees he owes Attorney Altman relating to his unsuccessful complaint to reduce child support.

17. The Mother's attorneys fees in defending against the Debtor Father's meritless complaint to reduce child support were entirely incurred as a result of the Debtor Father's meritless complaint to reduce child support pursuant to Massachusetts General Laws chapter 208, section 38.

18. The Mother has paid to date a total of $52,709.57 in attorneys fees to Attorney Altman in connection with her defense against the Debtor Father's meritless complaint for modification. The difference between the Judgment amount of fees awarded (minus $25,000 paid by the Debtor Father towards the Mother's attorneys fees) of $113,720.41 and the amount already paid by the Mother ($52,709.57), is $61,010.84, which is still owed by the Mother to Attorney Altman. The Debtor Father's payment of $113,720.41 will be applied to the amount the Mother still owes Attorney Altman and will also be applied to reimburse the Mother for attorneys fees that she paid Attorney Altman in defending against the Debtor Father's meritless complaint for modification.

19. Attorney Altman requests the Court to take judicial notice of the Dockets and papers on file in the related state court actions.

### Claims For Relief

COUNT I.
11 U.S.C. § 523(a)(5)

20. Attorney Altman realleges and incorporates by reference the above allegations.

21. The Debtor Father's debt to Attorney Altman is a nondischargeable domestic support obligation.

COUNT II.
11 U.S.C. § 523(a)(6)

22. Attorney Altman realleges and incorporates by reference the above allegations.

23. The Debtor Father's debt to Attorney Altman results from willful and malicious injury by the Debtor Father.

5

## **Prayers For Relief**

WHEREFORE, Attorney Altman prays for the following relief:

1. That the Court adjudge the debt of the Debtor Father to Attorney Altman to be nondischargeable pursuant to 11 U.S.C. § 523(a)(5);

2. That the Court adjudge the debt of the Debtor Father to Attorney Altman to be nondischargeable pursuant to 11 U.S.C. § 523(a)(6);

3. That the Court fix the current amount of the debt; and

4. That the Court grant such other relief as it deems just.

By its Attorney,

/s/ Barry M. Altman
Barry M. Altman, Esq., BBO #106710
ALTMAN & ALTMAN
404 Main Street, Suite 3
Wilmington, MA 01887
(781) 944-5441
Altmanlaw2@aol.com