UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**STEVEN G. JOHNSON,**                                    Chapter 7
    Debtor                            Case No. 09-19214-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~

**THE LAW OFFICES OF MIRIAM G.
ALTMAN, P.C.,**
    Plaintiff
v.                                                        Adv. P. No. 09-1387
**STEVEN G. JOHNSON,**
    Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~~

MEMORANDUM

**I. INTRODUCTION**

The matters before the Court are the "Plaintiff's Motion to Amend/Clarify March 21, 2011 Order" and the Defendant's Opposition. In its Motion, the Plaintiff, the Law Offices of Miriam G. Altman, P.C., seeks clarification of the judgment entered by this Court on March 21, 2011 in the amount of $113,720.41. Specifically, the Plaintiff requests that the judgment be increased to $132,550.09 by including the following:

    1) $1,677.50 in attorney's fees and costs incurred between the date of the filing of the "Defendant's Motion for Attorneys Fees and Costs Pursuant to M.G.L. c. 208, § 38" and date of entry of the Modification Judgment; and

1

2) $17,152.18 in post-judgment attorney's fees and costs through the date of the filing.

These sums were set forth in its proof of claim in which the Plaintiff sought "[i]nterest on $113,720.41 from August 18, 2009 at the Massachusetts legal rate of 12% and continuing pursuant to 11 U.S.C. § 101(41A)."[1] The Debtor opposes the Motion arguing that the only amount presented to the Court in Plaintiff's Amended Complaint was $113,720.41; that the Middlesex Probate and Family Court, Department of the Trial (the "Probate Court") only addressed the initial judgment of $138,720.41 in its Clarification of Judgment dated November 19, 2010 as being a domestic support obligation; and that "[a]ny attempts seeking pre-petition and/or post-petition arrearage is [sic] a matter that should be left to the Middlesex Probate Court's discretion."  He adds that he intends to file a "Motion for Relief from Automatic Stay of the Middlesex Probate and Family Court Docket No. MI-05D-1974-DVI, so that he can now pursue his appeal of said Judgment based upon this Court's finding as to the non-dischargeability of same."

## II. BACKGROUND

The Court incorporates by reference its Memorandum dated March 21, 2011.

## III. APPLICABLE LAW

Section 101(14A) of the Bankruptcy Code provides in relevant part: "The term

---

[1] The Middlesex Probate and Family Court's judgment of February 17, 2009 contained the following: "Husband shall pay counsel fees in amount of $138,720.41 to Wife's counsel within one hundred eight (180) days of the date of this judgment." Accordingly, the Plaintiff did not seek payment of interest until after the expiration of the 180 days which occurred on August 17, 2009.

'domestic support obligation' means a debt that accrues before, on, or after the date of the order for relief in a case under this title, *including interest that accrues on that debt as provided under applicable nonbankruptcy law* notwithstanding any other provision of this title . . ." 11 U.S.C. § 101(14A).(italics supplied)  Thus, the Bankruptcy Code expressly permits the award of interest on a domestic support obligation, and this Court finds that the Plaintiff is entitled to interest on the amount of $113,720.41.

In its proof of claim, the Plaintiff seeks judgment at the rate of 12%, which is the rate of interest added to damages in contract actions. *See* Mass. Gen. Laws ch. 231, § 6C.[2]  The Plaintiff, however, did not attach a copy of her agreement with the Defendant's former spouse, Suzanne Thatcher.  Moreover, in <u>Kennedy v. Kennedy</u>, 23 Mass. App. Ct. 176

---

[2] Section 6C provides:

In all actions based on contractual obligations, upon a verdict, finding or order for judgment for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at the rate of twelve per cent per annum from the date of the breach or demand. If the date of the breach or demand is not established, interest shall be added by the clerk of the court, at such contractual rate, or at the rate of twelve per cent per annum from the date of the commencement of the action, provided, however, that in all actions based on contractual obligations, upon a verdict, finding or order for judgment against the commonwealth for pecuniary damages, interest shall be added by the clerk of the court to the amount of damages, at the contract rate, if established, or at a rate calculated pursuant to the provisions of section six I from the date of the breach or demand. If the date of the breach or demand is not established, such interest shall be added by the clerk of the court from the date of the commencement of the action.

(Mass. App. Ct. 1986), *aff'd*, 400 Mass. 272 (1987), the court awarded interest at the rate of 6% citing Robbins v. Robbins, 22 Mass. App. Ct. 982, 984 (Mass. App. Ct. 1986); Mass. Gen. Laws ch. 235, § 8;[3] and Mass. Gen. Laws ch. 107, § 3.[4]

In view of the uncertainty surrounding the appropriate rate of interest, and in view of the certainty that the Defendant and his former spouse will be appearing before the

---

[3] Section 8 provides:

When judgment is rendered upon an award of county commissioners, a committee or referees, or upon the report of an auditor or master, or upon the verdict of a jury or the finding of a justice, interest shall be computed upon the amount of the award, report, verdict or finding from the time when made to the time the judgment is entered. Every judgment for the payment of money shall bear interest from the day of its entry at the same rate per annum as provided for prejudgment interest in such award, report, verdict or finding. The warrant or execution issued on a judgment for the payment of money shall specify the day upon which judgment is entered, and shall require the collection or satisfaction thereof with interest from the day of its entry.

Mass. Gen. Laws ch. 235, § 8.

[4] Section 3 provides:

If there is no agreement or provision of law for a different rate, the interest of money shall be at the rate of six dollars on each hundred for a year, but, except as provided in sections seventy-eight, ninety, ninety-two, ninety-six and one hundred of chapter one hundred and forty, it shall be lawful to pay, reserve or contract for any rate of interest or discount. No greater rate than that before mentioned shall be recovered in a suit unless the agreement to pay it is in writing.

Mass. Gen. Laws ch. 107, § 3.

Probate Court in the future, this Court shall abstain from the determination of the rate and amount owed and defer to the Probate Court resolution of the appropriate amount of interest to which the Plaintiff is entitled with respect to the domestic support obligation which this Court has excepted from discharge. *See* 28 U.S.C. § 1334(c)(1).

With respect to the claim to $1,677.50, this Court concludes that the attorney's fees incurred between July 1, 2008, the date of the filing of the Motion for Attorney's Fees and Costs pursuant to M.G.L. c. 208, §38, and February 17, 2009, the date of the entry of the Modification Judgment, are properly a domestic support obligation for the reasons set forth in the Memorandum dated March 21, 2011.

## IV. CONCLUSION

This Court shall enter an order granting in part the Plaintiff's Motion to Amend/Clarify.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: April 18, 2011